# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MUHAMMAD JAFAR KHAN; | ) | |
| UMMAMA J. KHAN; | ) | |
|    2620 W. Pratt Blvd. Apt 3 | ) | |
|    Chicago, IL 60645 | ) | |
| | ) | |
|        Petitioner(s) | ) | Civil Action No **1:19-cv-2854** |
| | ) | |
|      v. | ) | |
| | ) | |
| KEVIN K. MCALEENAN, in his official | ) | |
| capacity, Acting Secretary, U.S. Department of | ) | |
| Homeland Security; | ) | |
| KENNETH T. CUCCINELLI, in his official | ) | |
| capacity, Acting Director, U.S. Citizenship and | ) | |
| Immigration Services; | ) | |
|    245 Murray Lane, SW | ) | |
|    Mail Stop 0485 | ) | |
|    Washington, DC 20528-0485 | ) | |
| | ) | |
| WILLIAM P. BARR, in his official capacity, | ) | |
| Attorney General, Office of Attorney General, | ) | |
| U.S. Department of Justice; | ) | |
|    950 Pennsylvania Avenue, NW | ) | |
|    Washington, DC 20530-0001 | ) | |
| | ) | |
| | ) | |
|        Respondent(s). | ) | |
| | ) | |

_____

## PETITIONERS' ORIGINAL COMPLAINT
## FOR WRIT IN THE NATURE OF
## MANDAMUS AND DECLARATORY JUDGMENT

Hashim G. Jeelani, Attorney for Petitioners, JEELANI LAW FIRM, PLC, 28411 Northwestern

Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 248-714-4312,

Email: hashim@jeelani-law.com.

## INTRODUCTION

COME NOW MUHAMMAD JAFAR KHAN (hereinafter "MUHAMMAD" or collectively "Petitioners") and UMMAMA J. KHAN (hereinafter "UMMAMA" or collectively "Petitioners") the Petitioners, by and through the undersigned attorney, in the above cause, and state as follows:

1.      This action is brought as a result of Respondents' failure to adjudicate Petitioner UMMAMA's Form I-130, Petition for Alien Relative, ("Petition") and Petitioner MUHAMMAD's Form I-485, Application for Adjustment of Status, ("Application") within a reasonable period of time. Both the Petition and Application have been in pending status for a period of over four years.  The Petitioners have a clear right to adjudication of their Petition and Application (hereinafter collectively referred to as "Adjustment Filings") in a timely manner. The final adjudication of the Adjustment Filings is a ministerial, nondiscretionary task that Respondents must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      Respondents are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Respondents and those acting under them to take action on the Adjustment Filings.

## PARTIES

3.      Petitioner UMMAMA is a resident of Cook County, Illinois, and a United States Citizen. She is the spouse of MUHAMMAD and the petitioner of the Form I-130, Petition for Alien Relative, allowing beneficiary qualification for MUHAMMAD to adjust his status to a permanent resident of the United States.

4.      Petitioner MUHAMMAD is a resident of Cook County, Illinois, and is a national of the country of Pakistan.  Petitioner MUHAMMAD is the beneficiary of his spouse's I-130 Petition, and has filed Form I-485, Application for Adjustment of Status, on this basis.

5.      Respondent KEVIN K. MCALEENAN is the Acting Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Respondent MCALEENAN is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and United States Citizenship and Immigration Services (hereinafter "USCIS") pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6.      Respondent KENNETH T. CUCCINELLI is the Acting Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

7.      Respondent WILLIAM P. BARR is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Respondents to perform their statutory duties owed to the Petitioners. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Petitioners are seeking judicial review of inaction by one or more of the Respondents.

9.      Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. §
1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

10.     The Petitioners have repeatedly requested the Respondents to make a final decision on
the Adjustment Filings.   Further, Petitioners have initiated numerous inquiries with USCIS,
directly and through their Congressman's Office. After such requests and inquiries failed,
Petitioners notified the Respondents of their intent to file suit. The Respondents have failed to
respond to such notice. The threat of judicial intervention has been meaningless in expediting a
resolution.

11.     The Petitioners have exhausted their administrative remedies. Petitioners have supplied
USCIS with documents that establish Petitioners eligibility for approval of their Adjustment
Filings.

12.     There are no further administrative remedies available for Petitioners to utilize.

## FACTUAL ALLEGATIONS

13.     On July 6, 2015, Petitioner UMMAMA filed Form I-130, Petition for Alien Relative,
naming her spouse, Petitioner MUHAMMAD, as a beneficiary (Receipt# MSC-1591-398-551)
with USCIS.  **[EXHIBIT A].**

14.     Concurrently with the aforementioned Petition, MUHAMMAD filed a Form I-485,
Application to Adjust Status, with USCIS (Receipt# MSC-1591-398-550). **[EXHIBIT B].**

15.     On March 16, 2016, Petitioners completed an interview with a USCIS officer at the
USCIS Chicago Field Office.

16.     After completion of the interview on March 16, 2016, Petitioners were told by the officer
that no further documents or information were needed from them for the adjudication of their

Adjustment Filings, and that they need to wait for an update in the mail within thirty to sixty days.

17.     On April 20, 2016, Petitioners submitted an online inquiry, (inquiry# SR11111601961MSC) to which USCIS responded on May 13, 2016 that the case was still pending.

18.     On July 20, 2016, Petitioners appeared for an in-person meeting with a USCIS officer at the USCIS Chicago Field Office to inquire about the status of their filings.  Again, a USCIS officer notified them that the case was still pending.

19.     On September 9, 2016, Petitioners sent a letter to the District Director of the USCIS Chicago Field Office to inquire as to the status of their Adjustment Filings; yet again, they received a response that their case was pending review.

20.     On November 14, 2017, Petitioners contacted the USCIS Ombudsman Office (Request#201707724), which also yielded the same response that their cases are pending review.

21.     In November of 2018, Petitioners inquired with USCIS through their Congressman's Office; the USCIS response to this inquiry was that the Petitioners' cases were still pending review.

22.     On February 8, 2019, Petitioners filed yet another online inquiry with USCIS, (Request# SR10391900075MSC) to which they received no response.

23.     Petitioners inquired on the status of their Adjustment Filings two more times with USCIS, on May 17, 2019 and July 15, 2019.  USCIS responded to both requires with the same result: the cases were still pending.

24.      Since attending their interview with USCIS on March 16, 2016, USCIS has made no further requests for information or evidence of the Petitioners.

25.     As specifically alleged above, Petitioners have made numerous inquiries over the past three years with USCIS and have requested adjudications of their Adjustment Filings.

26.     Petitioners' inquiries have resulted in continuous responses from USCIS stating that the Petitioners' Adjustment Filings were still pending review.  **[EXHIBIT C].**

27.     Petitioners Adjustment Filings now continue to be pending with USCIS for over 4 Years.

28.     USCIS has published an average processing time of 12.5 months to 16 months for the adjudication of Form I-130.  Petitioner UMMAMA's Form I-130 has been pending for over 48 months, which is three times the highest, average processing time.

29.     USCIS has published an average processing time of 11.5 months to 27.5 months for the adjudication of Form I-485.  Petitioner MUHAMMAD's Form I-485 has been pending for over 48 months, which is four times the lower end of the average processing time and two times the highest average processing time as reported by USCIS.

30.     Respondents have refused to provide further explanation which would merit the need for over 4 years of processing time.

31.     Petitioners have endured significant financial and emotional burdens as a result of the unreasonable period of time that their cases have been in administrative processing.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

32.     All prior paragraphs are re-alleged as if fully stated herein.

33.     Petitioner UMMAMA has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

34.     Respondents have a duty to adjudicate UMMAMA's Petition within a reasonable period of time under 5 U.S.C. §555(b).

35.     The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

36.     No other adequate remedy is available to Petitioners.

37.     Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Petition.

38.     Given the Respondents' lack of a reason for not making a decision on Petitioner UMMAMA's Petition for over 4 years, Petitioner's Form I-130 Petition has been pending for an unreasonably long period of time.

39.     Respondents have failed in their statutory duty to adjudicate the Petition in a reasonable time.

40.     Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on UMMAMA's Petition and have failed to carry out the adjudicative functions delegated to them by law with regard to UMMAMA's case.

41.     Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to adjudicate Petitioner UMMAMA's Form I-130, thereby depriving Petitioners of the rights to which they are entitled.

42.     In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees.  Also, as a result of Respondents' actions, Petitioner UMMAMA has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, Petitioner MUHAMMAD has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Petitioners' lives are on hold due to Respondents' inaction.

7

## COUNT II

## VIOLATION OF THE APA- FORM I-485

43.     All prior paragraphs are re-alleged as if fully stated herein.

44.     Petitioner MUHAMMAD has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

45.     Respondents have a duty to adjudicate MUHAMMAD's Application within a reasonable period of time under 5 U.S.C. §555(b).

46.     The duty owed to Petitioners is ministerial and so plainly prescribed as to be clear and free from doubt.

47.     No other adequate remedy is available to Petitioners.

48.     Respondents have conducted the initial investigation and have sufficient information and documentation about Petitioners to adjudicate the Application.

49.     Given the Respondents' lack of a reason for not making a decision on Petitioner MUHAMMAD's Application for over 4 years, Petitioner's Application has been pending for an unreasonably long period of time.

50.     Respondents have failed in their statutory duty to adjudicate the Application in a reasonable time.

51.     Respondents have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on MUHAMMAD's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to MUHAMMAD's case.

52.     Respondents' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Respondents have willingly and unreasonably delayed and have refused to

adjudicate Petitioner MUHAMMAD's Application, thereby depriving Petitioners of the rights to which they are entitled.

53. In addition, as a result of this delay, Petitioners have incurred enormous costs and significant attorney's fees. Also, as a result of Respondents' actions, Petitioner UMMAMA has been denied the right to petition for her spouse to become a permanent resident of the United States. Further, Petitioner MUHAMMAD has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Petitioners' lives are on hold due to Respondents' inaction.

**PRAYER FOR RELIEF**

WHEREFORE, the Petitioners respectfully pray:

1. That the Respondents be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Petitioners' Adjustment Filings.

2. In the alternative, that the Court compel Respondents, and those acting under them, to perform their duty to adjudicate Petitioners' Adjustment Filings immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: September 24, 2019                    Respectfully submitted,

/s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(248) 714-4312**
***Counsel for Petitioners***

9